IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

Appellate Court Case No. 26-1757
District Court Case No. 2:22-cv-00642-JPS

PREPARED FOOD PHOTOS, INC.
f/k/a ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

      Plaintiff-Appellee and Cross-Appellant,

v.

NOFAL, LLC d/b/a FOOD TOWN MART
and SHARIF JABER,

      Defendants-Appellants and Cross-
      Appellees.

---

**PREPARED FOOD PHOTOS' MEMORANDUM IN
OPPOSITION TO MOTION TO REALIGN THE BRIEFING SCHEDULE**

Plaintiff-appellee and cross-appellant Prepared Food Phots, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Prepared Food Photos") hereby files this memorandum in opposition to defendant-appellant Sharif Jaber ("Jaber") and defendant-appellee Nofal LLC d/b/a Food Town Mart's ("Food Town Mart") Motion to Realign the Briefing Schedule and Motion to Extend the Time to File the Initial Brief (the "Motion"), and states as follows:

1.      On April 13, 2026, Jaber filed his Notice of Appeal [D.E. 90] in the district court, which caused this appeal to be initiated.  As set forth therein, Jaber appealed the district court's Order denying his motion for attorneys' fees.

2.      On April 22, 2026 (i.e., after the 30-day deadline to have initiated an appeal), Prepared Food Photos filed its Cross-Notice of Appeal [D.E. 94].  As set forth therein, Prepared Food Photos appealed the same Order denying the parties' respective motions for attorneys' fees and the Order granting Jaber's motion for an extension nunc pro tunc to file his motion for

attorneys' fees.

3. Two days later (on April 24, 2026), the Court consolidated the appeals and set a *logical* briefing schedule, with Jaber (who, but for his Notice of Appeal, these appeals would not exist) filing his opening brief on or before May 29, 2026, Prepared Food Photos filing a responsive brief on or before June 29, 2026, Jaber filing a reply brief on or before July 29, 2026, and Prepared Food Photos filing a reply on or before August 19, 2026.

4. Four days later (on April 28, 2026), the Court on its own initiative adjusted the foregoing dates with Jaber's opening brief due on or before June 22, 2026 and the remaining dates adjusted accordingly.

5. Jaber and Food Town Mart then waited until June 10, 2026 (12 days prior to Jaber's initial brief being due and 47 days after the initial briefing schedule was set) to file a *7-page* motion requesting realignment of the briefing schedule (with Prepared Food Photos responsible for filing the initial brief and appendix).

6. Jaber and Food Town Mart's request is nonsensical, dilatory, and prejudicial.

7. As set forth above, Jaber initiated this appeal.  Prepared Food Photos had no intention of filing its own notice of appeal (as evidenced by the passing of 30 days from the date of the district court's order denying the parties' respective motions for fees).  Prepared Food Photos only filed a cross-notice of appeal when it was dragged into this appeal by Jaber himself.

8. It is nonsensical that Jaber – who initiated this appeal – now wants to shift the burden to Prepared Food Photos to file the initial brief/appendix while Jaber/Food Town Mart take a 'wait and see' approach.

9. Further, Jaber/Food Town Mart have known which Orders of the district court Prepared Food Photos were appealing since April 22, 2026 (when the Cross-Notice of Appeal was

filed).  The notion that Prepared Food Photos is appealing 2 orders vs. Jaber's 1 order has been known to Jaber/Food Town for nearly 2 months, yet Jaber/Food Town Mart waited until less than 2 weeks prior to Jaber's initial brief being due to raise the 'realignment' issue.

10.    Prepared Food Photos was forced into this appeal by Jaber.  It did not "significantly expand[] the scope of this Court's review" by appealing the district court's Order allowing Jaber to file his motion for fees long after the deadline for such.

11.    There is simply no reason to shift the burden of initial briefing/compiling of an appendix to Prepared Food Photos, especially after the length of time Jaber/Food Town Mart have allowed to transpire while they essentially sat on their hands until less than 2 weeks prior to Jaber's brief being due.

12.    Finally, Prepared Food Photos takes issue with the "Certificate of Conferral" in the Motion.  While counsel for Jaber/Food Town Mart did inquire whether undersigned counsel agreed to realignment of the briefing schedule, he ***did not raise*** any request to "hold briefing in abeyance or extend the time for Jaber's opening brief" as requested by the Motion.  Such relief was never discussed or requested between counsel for the parties and appears to have been included in the Motion as an afterthought.

**WHEREFORE**, for the foregoing reasons, Prepared Food Photos respectfully requests that the Court enter an Order: (a) denying the Motion and (b) for such further relief as the Court deems proper.

Respectfully submitted,

Dated: June 11, 2026.              COPYCAT LEGAL PLLC
                                   3111 N. University Drive
                                   Suite 301
                                   Coral Springs, FL 33065
                                   Telephone: (877) 437-6228
                                   dan@copycatlegal.com

By: /s/ Daniel DeSouza_____
Daniel DeSouza, Esq.

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 738 words, excluding the parts exempted by Rule 32(f) and the typeface and type style requirements of 7th Cir. R. 32 because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 12-point font.

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2026, the foregoing document was served via e-mail on all counsel or parties of record to this appeal.

/s/ Daniel DeSouza\_\_\_
Daniel DeSouza, Esq.