**IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

**Case No. 26-1757
Case No. 26-1859**

PREPARED FOOD PHOTOS, INC.,
f/k/a Adlife Marketing & Communications Co., Inc.

      Plaintiff-Appellee / Cross-Appellant,

v.

SHARIF JABER,

      Defendant-Appellant,

Nofal, LLC,

      Defendant-Cross-Appellee.

---

**SHARIF JABER AND NOFAL LLC'S
REPLY IN SUPPORT OF THEIR MOTION TO REALIGN THE
BRIEFING SCHEDULE AND MOTION TO EXTEND THE TIME TO
FILE THE INITIAL BRIEF**

Defendant-Appellant, Sharif Jaber, and Defendant-Appellee Nofal LLC,

pursuant to Fed. R. App. P. 27(a)(4), file this reply in support of their motion[1]

to realign the parties and briefing schedule, and move to extend the time to

---

[1] Upon review of the docket, it appears the motion may have been filed only in the cross-appeal, no. 26-1859, notwithstanding CM/ECF prompts during submission that it would also be filed in 26-1757. There is, however, a missing docket entry, no. 10, in the earlier appeal, which Nofal and Jaber assume correlates to their motion.

file the initial brief or in the alternative to hold briefing in abeyance pending disposition of this motion, [26-1757 DE 10 / 26-1859 DE 7].

Prepared Food Photos, Inc.'s ("Prepared Food") opposition [26-1757 DE 11] is unavailing insofar as the complained-of delay was its own making. It was required to file its jurisdictional statement not later than April 29, 2026 (seven days after Prepared Food's notice of appeal). Seventh Cir. R. 3(c)(1). It didn't file until June 10, 2026. That's 42 days late—42 days of time that elapsed before Jaber and Nofal had at least some reassurance that Prepared Food in fact wished to proceed with its cross-appeal. Whether it did was unclear.

Based on the Court's Rule to Show Cause orders, Nofal, LLC reasonably waited to see whether Prepared Food would comply or whether the Court would dismiss the cross-appeal. Jaber and Nofal's view of things rings especially true where Prepared Food oddly asserts that it was "dragged" into a cross-appeal that it initiated and stating that it "had no intention of filing its own" appeal.

Prepared Food filed its docketing statement and (apparently) met the requirements of the second rule to show cause order, and seemingly has avoided

dismissal of its cross-appeal.[2] Immediately thereafter, Nofal and Jaber filed their motion. There was no delay based on the posture of the case. Had Prepared Food timely complied with its obligations, Nofal and Jaber would have earlier filed their motion. It was not unreasonable for them to wait to see if Prepared Food was, in fact, moving forward with its cross-appeal or if the Court would dismiss it.

Prepared Food also asserts that the motion is somehow "prejudicial" to Prepared Food. It isn't. It provided neither evidence nor argument to support that point.

And Prepared Food is wrong to claim that its appeal of the district court's order granting Jaber an extension of time will *not* significantly expand the scope of what the parties are seeking from this Court. It will. Necessarily, Prepared Food will be required to articulate and establish multiple separate issues: the standard of review on that order (which differs from the pure question of law raised by Jaber), how the district court abused that discretion, and decisional authorities that support Prepared Food's relief seeking reversal of that order. Plainly, by its own decision to file a cross-appeal of more than what

---

[2] While the body of the Court's two orders do not explicitly instruct Prepared Food to show cause, they are styled as "RULE TO SHOW CAUSE" which seems to imply Prepared Food should have made such a showing, and perhaps the Court could still dismiss the cross-appeal without some explanation for Prepared Food's delay.

was at issue in Jaber's appeal, *it* is the party principally aggrieved, notwithstanding its illogical argument that it was "forced" to file a cross-appeal. If it doesn't wish to pursue its cross-appeal, then it ought to dismiss it and conserve judicial resources.

As concerns conferral regarding the extension of time, Prepared Foods is correct that that specific relief was not discussed. However, nothing in the Federal Rules of Appellate Procedure, Seventh Circuit Rules, or the Court's Operating Procedures (or Handbook) require pre-filing conferral on motions with the one exception of those directed to oral argument. Seventh Cir. R. 34(e). Despite that, Nofal and Jaber undertook efforts to confer as the more professional practice, though it seems apparent in any event that Prepared Food would have opposed the other (logically-related) relief as well. The matters are ripe for disposition given there is no agreement on them.

The Court should realign the briefing consistent with Prepared Food being the party principally aggrieved according to the scope of what it seeks in its cross-appeal.

__/s/ Griffin Klema_____
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**KLEMA LAW, P.L.**
PO Box 172381

Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Counsel for Defendant-Appellant*
*Sharif Jaber and Defendant-Appel-*
*lee Nofal, LLC*

## CERTIFICATE OF COMPLIANCE

I hereby certify that (I) this document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C) because it contains 737 words, excluding the parts exempted by Rule 32(f); and (II) this document complies with the typeface and type style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5)-(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in Century Expanded, 14-Point font.

__/s/ Griffin Klema_____
Griffin C. Klema, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to Fed. R. App. P. 25(c)(2), a true and correct copy of the foregoing was served through the CM/ECF system on June 11, 2026, on all counsel or parties of record.

__/s/ Griffin Klema_____
Griffin C. Klema, Esq.